

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2013 DEC 13 AM 11: 40

WILLIAM W. BLEVINS
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COMPLETE LOGISTICAL SERVICES, LLC** | * | **CIVIL ACTION** |
| | * | **NO. 13-6641** |
| **VERSUS** | * | |
| | * | **SECTION " "** |
| **M/V SEAWOLF and M/V SEADIVER,** | * | **SECT. G MAG. 3** |
| their equipment, appurtenances, furniture, | * | |
| etc., *in rem* and *quasi in rem*, and | * | |
| **SEAMAR MARINE SERVICES, LLC,** *in personam* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFIED COMPLAINT

The Verified Complaint of Complete Logistical Services, LLC, against the motor vessels SEAWOLF and SEADIVER, their equipment, appurtenances, furniture, etc., *in rem* and *quasi in rem*, and Seamar Marine Services, LLC, *in personam*, in causes of breach of contract, foreclosure of preferred maritime liens, and maritime attachment, respectfully represents as follows:

1.

This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, Supplemental Admiralty Rules B, C, and E, and the Federal Maritime Lien Act, 46 U.S.C. § 31301 *et seq.* The Court has supplemental jurisdiction over plaintiff's state-law claims, to the extent state law supplements maritime law.

2.

Plaintiff Complete Logistical Services, LLC ("CLS") is a limited liability company organized and existing under the laws of Louisiana.

___ Fee _____
___ Process _____
_x_ Dktd _____
___ CtRmDep ___
___ Doc. No. ___

3.

Defendant Seamar Marine Services, LLC ("Seamar") owns and/or operates the defendant diving-support vessels SEAWOLF and SEADIVER. Upon information and belief, Seamar is a limited liability company organized and existing under the laws of Texas that cannot be found within this District within the meaning of Supplemental Rule B.

4.

Defendant SEAWOLF is a United States-flagged vessel (Official Number 597499) that is now or will be during this action within this District and the jurisdiction of this Court.

5.

Defendant SEADIVER is a Panama-flagged vessel (IMO Number 7129506) that is now or will be during this action within this District and the jurisdiction of this Court.

6.

At the request of Seamar or its agents, and pursuant to a maritime contract, CLS provided crew and related necessaries to the SEAWOLF and SEADIVER. CLS paid the crew and billed Seamar for the crew's wages and related necessaries.

7.

Despite amicable demand, Seamar has not paid CLS for crew and related necessaries provided since July 2013. A copy of CLS's Collection Report as of December 10, 2013, showing billed and unpaid amounts currently owed to CLS by Seamar in the amount $410,175.81, is attached and incorporated by reference as Exhibit CLS-1.

8.

The crew and related necessaries provided by CLS were necessary for the operation of the SEAWOLF and the SEADIVER in their ordinary trades.

9.

CLS is subrogated to the crewmembers' preferred maritime liens for crew wages.

10.

As shown by Exhibit CLS-1, the crew and related necessaries provided to the SEAWOLF have a fair-market value in the total principal amount of $322,583.84 (exclusive of interest, costs, and attorney's fees), none of which has been paid despite amicable demand.

11.

Also as shown by Exhibit CLS-1, the crew and related necessaries provided to the SEADIVER have a fair-market value in the total principal amount of $85,300.45 (exclusive of interest, costs, and attorney's fees), none of which has been paid despite amicable demand.

12.

CLS has now incurred attorney's fees and collection expenses by virtue of Seamar's failure to pay CLS's invoices as they have come due.

13.

Additional services, not reflected in Exhibit CLS-1, have already been furnished to Seamar and the SEAWOLF and SEADIVER, and additional amounts are already outstanding. CLS therefore reserves the right to supplement and amend this Complaint to assert claims for additional amounts owed.

14.

According to the general maritime law (supplemented as necessary by state law), the Federal Maritime Lien Act, and the agreement between the parties, CLS has preferred maritime liens against the SEAWOLF for crew wages and related necessaries in the total principal amount of $322,583.84 (exclusive of interest, costs, and attorney's fees), plus interest as it accrues, costs,

attorney's fees, and collection expenses, plus further amounts (including without limitation *custodia legis* expenses) as they become due. With the commencement of this action and arrest and attachment of the SEAWOLF according to Supplemental Admiralty Rules B, C, and E, CLS will have done all things necessary to perfect its preferred maritime liens.

15.

According to the general maritime law (supplemented as necessary by state law), the Federal Maritime Lien Act, and the agreement between the parties, CLS has preferred maritime liens against the SEADIVER for crew wages and related necessaries in the total principal amount of $85,300.45 (exclusive of interest, costs, and attorney's fees), plus interest as it accrues, costs, attorney's fees, and collection expenses, plus further amounts (including without limitation *custodia legis* expenses) as they become due. With the commencement of this action and arrest and attachment of the SEADIVER according to Supplemental Admiralty Rules B, C, and E, CLS will have done all things necessary to perfect its preferred maritime liens.

16.

Seamar is liable to CLS for breach of contract in the full amount shown on Exhibit CLS-1 ($410,175.81), plus interest as it accrues, costs, attorney's fees, and collection expenses, plus further amounts (including without limitation *custodia legis* expenses) as they become due.

17.

Seamar cannot be found within this District within the meaning of Supplemental Admiralty Rule B. So in addition to CLS's right to arrest the SEAWOLF and SEADIVER under Rule C to enforce its preferred maritime-lien claims against those vessels, CLS is entitled to attach either vessel for the full amount of Seamar's indebtedness to CLS.

18.

As shown by the attached and incorporated Verifying Affidavit and Rule B Affidavit, the foregoing allegations are true and correct and within the admiralty jurisdiction of this Honorable Court.

WHEREFORE, plaintiff CLS prays:

1. That process in due form of law issue against Seamar *in personam* and the motor vessels SEAWOLF and SEADIVER, their equipment, appurtenances, etc., *in rem* under Rule C and *quasi in rem* under Rule B, and that all persons having a claim and any interest in the vessels appear and answer, all and singular, the matters aforesaid; and

2. That after due proceedings are had there be judgment in favor of plaintiff CLS and against the SEAWOLF and SEADIVER, their equipment, appurtenances, furniture, etc., *in rem* and *quasi in rem*, for the full amount of the indebtedness owed to CLS, together with interest, costs, attorneys' fees, and other collection and *custodia legis* expenses, and that the SEAWOLF and SEADIVER be condemned and sold to secure and satisfy any judgment herein in favor of CLS; and

3. That after due proceedings, CLS may also have judgment against Seamar, *in personam*, for any deficiency not satisfied from the proceeds of the sale of the SEAWOLF and SEADIVER and for any other amounts owed by Seamar *in personam*; and

4. For such other relief as may be proper and this Court competent to grant.

Respectfully submitted,

*[signature]*

DAVID B. SHARPE, T.A., BAR #20370
D. LANCE CARDWELL, BAR #34476
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
Suite 2775, Pan-American Life Center
601 Poydras Street
New Orleans, LA 70130
Telephone: (504) 568-1990
Attorneys for plaintiff,
Complete Logistical Services, LLC


**To the Clerk of Court:**

Please Issue Summons For:

Seamar Marine Services, LLC
*through its registered agent,*
C T Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201-3136

- and -

Please issue a Rule C warrant of arrest and a Rule B writ of attachment against SEAWOLF LA HWY-1, BAYOU, BETWEEN GOLDEN MEADOW, LA AND PORT FOURCHON, LA

**US Marshal:**

Please arrest and attach the SEAWOLF according to counsel's instructions.
Please withhold service on the SEADIVER pending further instructions.